JUSTICE WARNER
dissenting.
¶18 I agree with part of the reasoning of the majority of the Court. However, in my opinion, whether the Board received Dr. Baldwin’s application in time to renew her license is not determinative of the issue of whether her procedural due process rights were violated when she was censured by the Board of Chiropractors for practicing without a license. Thus, I must dissent from our decision to reverse the judgment of the District Court.
¶19 The law in Montana relating to receipt of duly posted mail is as stated in the majority opinion. That is, an addressee’s testimony of non-receipt, without additional evidence, is insufficient to overcome the presumption of receipt. A careful review of the record shows that there is insufficient evidence to sustain the finding of the District Court that the presumption of receipt is rebutted. The only evidence presented by the board is to the effect that it could not find the application; it has lost mail before, but not often. This is not enough to rebut the presumption.
¶20 However, finding that Dr. Baldwin properly filled out and mailed the application as required by Rule 8.12.601(1), ARM, and presuming that the Board did get Baldwin’s renewal application in time to consider it and renew her license before it expired, there is still no question the Board did not renew the license before Dr. Baldwin continued her practice.
¶21 Section 37-12-301, MCA, requires a license to practice chiropractic. Rules 8.12.607(3) and 8.12.607(11), ARM, clearly state that practicing while not having a license to do so is unprofessional conduct.
¶22 The record does not show that the Board is somehow responsible for Dr. Baldwin continuing to treat patients before her license was renewed. The statement on the renewal form that it had to be completed and mailed in time to be received prior to September 1, 1998, did not entitle her to assume that because the license renewal *193 application was received it would be immediately approved. She did not receive notification of the results of the Board’s evaluation of her renewal application as required by Rule 8.12.601(6), ARM, and was thus not misled into believing that her license had been renewed. Indeed, she called the office of the Board to find out why she had not received her license. The District Court found that Dr. Baldwin knew she could not practice without a license. There are sufficient facts in the record to support this finding. Such fact is not contested.
¶23 Dr. Baldwin technically violated the law, the applicable regulations, and is subject to discipline.
¶24 While we might be tempted to find that the discipline imposed was not commensurate with the offense and was too harsh, under the present circumstances what sanctions are justified for Dr. Baldwin’s minor violation is a decision for the Board; not for the Courts.
¶25 The judgment of the District Court upholding the decision of the Board of Chiropractors should be affirmed.